## JACKSON ET AL. *v.* ROUNDS, ASSIGNEE.

PARTIES.—*Relator.*—*Suit on Bond of Assignee in Trust for Creditors.*—An action upon the bond of an assignee, executed under the 3d section of the act of March 5th, 1859, 1 R. S. 1876, p. 142, providing for voluntary assignments in trust for the benefit of creditors, can only be maintained in the name of the State of Indiana, upon the relation of the party interested ; and, if it be brought in the name of any individual, the complaint will be bad on demurrer.

PRACTICE.—*Defective Special Verdict.*—Where a special verdict does not contain a finding by the jury either for or against all the material facts in issue, a judgment rendered thereon over objection and exception will be reversed.

From the Ripley Circuit Court.

*H. W. Harrington,* for appellants.

*G. Durbin,* for appellee.

Howk, J.—The appellee was the plaintiff, and the appellants were the defendants, in this action, in the court below.

In his complaint, the appellee alleged, in substance, that, as the assignee of John M. Ware and Frank M. Ware & Co., the appellant Joseph H. Jackson came into the possession of property, notes and accounts, amounting to $2,387.04; that, as such assignee, he filed a bond, a copy of which was filed with said complaint; that there were claims filed against said estate in bankruptcy, amounting to $5,000; that said assignee, having failed to comply with the orders of the court having jurisdiction of the estate, and having converted to his own use all of said estate excepting the sum of $350, had damaged the creditors of said estate to the amount of $3,387.04; that the appellee demanded judgment for the amount of the assets that had come to the hands of said assignee, the appellee having been appointed by competent authority to succeed the appellant Jackson in the execution of his trust, as would appear from the records of the court; that, since the commencement of this suit, the defendant Moses K. Rosebrough had died, and that the appellant William D. Wilson had been appointed executor of said decedent's estate; that the appellee made said executor a defendant to this suit, and demanded that judgment might be rendered against him, collectible out of the assets of the decedent in his hands; and the appellee demanded judgment for $4,000, and all proper relief.

The bond mentioned in said complaint was in the penalty of $4,000, was dated June 18th, 1872, was executed by Joseph H. Jackson, Samuel M. Jones, and Moses K. Rosebrough, and was made payable to the State of Indiana. It was recited in said bond, that said Jackson had, by deed of assignment made on June 1st, 1871, been appointed assignee of John M. Ware and Francis M. Ware

& Co., under and pursuant to the provisions of an act of the Legislature of this State, entitled "An act providing for voluntary assignments of personal and real property in trust for the benefit of creditors, and regulating the mode of administering the same," approved March 5th, 1859, and had accepted said trust. And the bond was conditioned for the faithful discharge by said Jackson of the duties of his trust.

To appellee's complaint, the appellants, except said Jackson, answered in three paragraphs. In the first paragraph it was alleged, in substance, that, on the 2d day of June, 1871, the said Jackson, as such assignee, had executed a bond for the faithful discharge of the duties of his trust, with other sureties than the sureties in the bond now sued on; that while said first bond was in full force, and before the execution of the bond in suit, the said Jackson, as such assignee, collected and received the sum of $1,600 belonging to said trust estate, which said sum he had expended and squandered before the execution of the bond now sued upon; and that, when the latter bond was executed, the said Jackson, as such assignee, had no moneys or effects whatever in his hands belonging to said trust, nor had any such moneys or effects come into his possession or under his control since the execution of the bond in suit; and that, since the execution of the bond now sued on, the said Jackson had faithfully discharged the duties of his said trust as such assignee.

The second paragraph of said answer was a plea of payment in full before the commencement of this suit.

The third paragraph was a general denial.

The appellant Jackson also answered by a general denial and a general plea of payment.

The appellee replied by a general denial to the affirmative paragraphs of said answer, and also by a special reply to the first paragraph of the answer of the appellants other than said Jackson.

We need not, under the view we shall take of this case, set out this special reply in this opinion.

The issues joined were tried by a jury in the court below, and a special verdict was returned, at the request of the appellee.

The appellants, other than said Jackson, moved the court below for judgment in their favor on the special verdict, which motion was overruled, and the appellants excepted. And, over the objections and exceptions of said appellants, the court below rendered judgment, in favor of the appellee and against the appellants, for the sum of $816.62, from which judgment this appeal is now prosecuted.

Among the errors assigned by the appellants in this court is this: That the appellee's complaint did not state facts sufficient to constitute a cause of action. It seems to us, that this error is well assigned. It will be observed, that the bond in suit is made payable to the State of Indiana. In the 3d section of the act providing for voluntary assignments, approved March 5th, 1859, under which act the bond sued on was executed, it is required that the trustee in such assignment should execute an undertaking or bond to the State of Indiana, "which bond shall be for the use of any person or persons injured by the action of such trustee in the premises." 1 R. S. 1876, p. 143.

It is provided in the 7th section of the practice act, that "Actions upon official bonds, and bonds payable to the State, shall be brought in the name of the State of Indiana, upon the relation of the party interested." 2 R. S. 1876, p. 36.

This provision of the code is mandatory, and not merely directory. This action was brought by the appellee, in the court below, in his own name, and without any *descriptio personæ* even appended thereto. The word "assignee," which follows the appellee's name in the title of the cause, in this court, was not affixed to his

name in the court below. There was nothing whatever in appellee's complaint, from which it might be inferred even, that he brought this action in his representative character, or otherwise than in his own personal right, except a bare recital therein, not an averment, of his appointment by competent authority to succeed the appellant Jackson in the execution of said trust. Under the provision of the code above cited, it seems to us, that this action was improperly brought; that the appellee could neither bring nor maintain an action in his own name on the bond in suit, and that the action could only be maintained on said bond in the name of the State of Indiana, as plaintiff, on the relation of the proper trustee of the trust estate, and for the use of the " persons injured by the action " of the former trustee.

If, however, an action would lie on such a bond in the name of the trustee, it is certain, we think, that the trustee, for the purpose of showing his right to maintain the action, must aver something more than his mere appointment by competent authority, as such trustee. He should aver, that he had taken the oath, and executed and filed the undertaking or bond required by said 3d section of the voluntary assignment act, *supra.* For, until such oath has been taken and such undertaking or bond has been executed and filed, the person appointed is not a trustee under said act, is not entitled to the possession and control of the property assigned, and can not maintain any action therefor. In our opinion, the appellee's complaint in this action did not state facts sufficient to constitute a cause of action in appellee's favor, if it were conceded that he could sue, in his own name, on the bond in suit. But we are very certain, that, in any suit on said bond, the action must " be brought in the name of the State of Indiana, upon the relation of the party interested."

The other errors assigned call in question the sufficiency of the special verdict of the jury in this cause. As the

conclusion we have reached in regard to the complaint will require the reversal of the judgment of the court below, we need not consider these other errors at any great length. It is very certain, we think, that the special verdict in this case was defective, and for this reason, that it did not contain a finding by the jury either for or against all the material facts in issue. This was necessary, for "the court can neither supply an omitted necessary fact, nor can it render judgment upon an imperfect verdict." *Housworth* v. *Bloomhuff*, 54 Ind. 487. Where "judgment is given upon such verdict it shall be reversed." *Jenkins* v. *Parkhill*, 25 Ind. 473; and *Smith* v. *Jeffries*, 25 Ind. 376.

The judgment is reversed, at the appellee's costs.