POTTS ET AL. *v.* THE STATE, EX REL. MORGAN, GUARDIAN, ET AL.

GUARDIAN AND WARD.—*Complaint on Guardian's Bond.—Relators.*—In an action by the State, on the joint relation of A., as guardian, and B., against a defaulting guardian and his sureties, on his bond, the complaint alleged that the defendants had duly executed the bond in suit ; that the principal therein had duly qualified as guardian of C. and D., infants, and had received moneys belonging to his wards ; that D. had died during such, guardianship, leaving B. and C. as the only heirs ; that such principal, at the time of such decease, had converted the moneys of D. to his own use, and had been removed from his trust, and thereupon A. had been appointed guardian of C. ; and that such guardian had failed to pay over any of D.'s estate to the relators or to any one entitled thereto.

*Held*, on demurrer, that the complaint, though uncertain, is sufficient.

*Held*, also, that the guardian was a proper relator.

PRACTICE.—*Misjoinder of Parties.—Demurrer.*—A misjoinder of parties is not a ground of demurrer.

From the Dubois Circuit Court.

*L. Barbour* and *J. H. Laird,* for appellants.

PERKINS, J.—Suit on a guardian's bond. We set out the complaint :

" The State of Indiana, on the relation of Ollie Penn and Harrison Morgan, Guardian of John W. Sullivan, minor heir of Manoah Sullivan, deceased; plaintiff, complains of John L. Potts, Pleasant E. Hoffer and Clement Doane, and says, that, on the 12th day of August, 1868, said defendant John L. Potts was duly appointed guardian of John W. Sullivan and Mahala Sullivan, minor heirs of Manoah Sullivan, deceased; that he duly qualified, executed bond, and entered upon the discharge of his duties; that defendants Hoffer and Doane were his sureties on said bond; that the bond was conditioned that said Potts should faithfully discharge his duties as the guardian of John W. Sullivan and Mahala Sullivan, minor heirs of Manoah Sullivan, deceased, a copy of which bond was made part of the complaint; that afterward, and during his continuance in office as such guardian, he received

and became chargeable with one thousand dollars belonging to his said wards; that, on the 2d day of March, 1870, said Mahala Sullivan departed this life, leaving, as her only legal heirs, said Ollie Penn and John W. Sullivan, surviving ward of said guardian, Harrison Morgan; that, on the death of said ward, Mahala Sullivan, viz., upon the 2d day of March, 1870, said John L. Potts, guardian as aforesaid, had in his hands, belonging to the estate of said two wards, one-half belonging to each of said wards, the sum of three hundred and seventy-one dollars and five cents; that the said relatrix, Ollie Penn, inherited and was entitled to one-half of the estate of said ward, Mahala, viz., the sum of ninety-two and seventy-seven hundredths dollars, which said amount said defendant John L. Potts had, at the time of the death of said Mahala, converted to his own use and benefit; that the remainder of the estate of said ward Mahala descended to, and was vested in, said ward, John W. Sullivan, which said sum said defendant Potts had, at the time, converted to his own use and benefit; that said defendant John L. Potts was, on the 24th day of October, 1873, ordered by the Dubois Circuit Court, on the petition of Litschgi and Friedman, to execute a new bond, as guardian as aforesaid, within twenty days, and on failure that he should be removed, etc.; that he did not execute said bond within the time, and was therefore removed; that said relator, Harrison Morgan, is now the duly appointed guardian of said John W. Sullivan, who is under the age of twenty-one years; that said relatrix, Ollie Penn, is the mother of said deceased ward, Mahala Sullivan. The plaintiff avers, that there has been a breach of the condition of the bond sued on of said Potts, in this, to wit: That said Potts received into his hands, as such guardian, one thousand dollars, which he converted to his own use, and has not accounted for and paid over to the relatrix or relator, or either of them, nor

Potts *et al. v.* The State, *ex rel.* Morgan, Guardian, *et al.*

to any person authorized to receive the same, said sum of money, nor any part thereof; that said Potts failed to obey the order of the court to file a new bond, and to account," etc.

" Wherefore judgment is prayed for the plaintiff for the benefit of the relator and relatrix, in the amounts due them respectively," etc. Exhibits were filed with the complaint.

Potts and Hoffer made default.

There was no motion asking that the complaint be made more certain, nor any ground of demurrer assigning and pointing out wherein there were defects of parties.

Doane demurred to the complaint, assigning as causes:

1. Want of facts to constitute a cause of action;

2. Misjoinder of parties plaintiffs;

3. Misjoinder of parties defendants; and,

4. Pendency of another action for the same cause.

The demurrer was overruled, and defendant Doane excepted. Said defendant then answered; issues were formed by a reply; trial by the court; judgment for the plaintiff; appeal.

The assignment of errors is as follows:

1st. The court erred in overruling the demurrer to the amended complaint;

2d. In sustaining demurrers to the first, second, third, fourth and sixth paragraphs of answer;

3d. In overruling the motion for a new trial.

No brief has been filed on the part of the appellees.

The appellant Doane, in his brief, makes two points:

1. That the complaint was bad; and,

2. That the guardian was not a proper relator in the suit.

The complaint stated facts sufficient to constitute a cause of action.

By the form of a guardian's bond, given in the statute, such bond is made payable to the State, 2 R. S. 1876, p.

588; and section 4, on p. 587, requires the bond to be made payable to the State, as does section 19, p. 500, of the same volume, in cases of the bonds of executors and administrators; and section 7, p. 36, of the same volume, declares that suits on such bonds shall be in the name of the State. Suits may properly be maintained on such bonds, in the name of the State, on the relation of the injured party. The cases in our reports, to this point, are too numerous for citation. See, particularly, *Jackson* v. *Rounds,* 59 Ind. 116.

In other cases, a guardian may sue in his own name, to recover a debt due his infant ward.

The statute does not specify misjoinder of parties as a cause of demurrer. 2 R. S. 1876, p. 56, *et seq.*

The provision of the statute is, that, " when it appears upon the face " of the complaint,—

Either that the court has no jurisdiction;

Or that the plaintiff has not legal capacity to sue;

Or that there is another action pending between the same parties for the same cause;

Or that there is a defect of parties, plaintiff or defendant;

Or that the complaint does not state facts sufficient, etc.

Or that several causes of action have been improperly united,—a demurrer may be sustained.

And it declares that for no other cause shall a demurrer be sustained.

Demurrers are addressed to what appears on the face, severally, of pleadings.

As to misjoinder of parties, see notes on p. 58, 2 R. S. 1876.

The complaint did not show another action pending.

We have noticed the points presented by counsel.

The judgment is affirmed, with costs and five per cent. damages.