TOWN OF UNION v. DANIEL BERMES ET AL., IMPLEADED WITH CHARLES WURTZ.

In an action against the principal and his sureties upon a joint and several bond, for the faithful performance of the duties of the principal as treasurer of the town of Union, a part of whose duties was to keep accurate books of account and to render abstracts of such accounts to the council—*Held*, that his books of account as such treasurer, and a report rendered to the council by him, were competent evidence against himself and his sureties.

---

This is a rule to show cause why a new trial should not be granted. The action is brought upon an official bond, given by Charles Wurtz, as treasurer of the town of Union.

Wurtz had been elected, annually, from the year 1873 to 1879. This action is upon the bond given for the year 1879. The official year began on the last Monday in April. The fiscal year ran from March 14th. There are actions pending also upon the bonds of several preceding years.

In this case the trial justice, sitting as a jury, found for the plaintiff the sum of $9073.89.

Argued at February Term, 1882, before Justices DIXON, REED and MAGIE.

For the rule, *G. Collins.*

*Contra, A. L. McDermott.*

The opinion of the court was delivered by

REED, J.    The legal question in this case is one involving the law of evidence, and concerning the admissibility and probative force of a report made by Wurtz, the treasurer, to the board of council on May 20th, 1879.

In this report he charged himself with the sum of $9518.-72, as the balance at that time on hand.

Mr. Wurtz himself was not produced as a witness, he having left the state.

The admission contained in this report was relied upon by the plaintiffs to charge Wurtz and his sureties for the year 1879, with a liability to account for that amount.    It appears that Wurtz made some payments which reduced this sum to the amount found against the defendants.

Two positions are taken in regard to the force which should be accorded to this report.

Counsel for the plaintiffs contends that it concludes the sureties from showing that, in fact, this amount was not held by Wurtz during the year 1879, and the counsel for the defending sureties claims that they should not be affected by this admission of Wurtz.

The report was made during the official year which this bond covered, and was made as an official act by the treasurer. Section 11 of " An act to amend and revise the charter of the town of Union," (*Pamph. L.* 1874, *p.* 652,) provides that the treasurer shall keep accurate books of account of all moneys received and disbursed by him, and furnish abstracts of such accounts to the council at any time, at their request.    The books kept by Wurtz during the entire period of his terms were also introduced, which showed a balance in his hands amounting to $9073.84.    The admission of these was also objected to.

The question how far and when the admissions of a person

will be evidence against his sureties, has received considerable judicial consideration.

In the case of *Perchard* v. *Tindall*, 1 *Esp.* 394, Lord Kenyon received in evidence a receipt endorsed by a sheriff upon a warrant in an action against the sheriff and his sureties. For the defendant it was objected that to prove this fact Hyndes himself ought to be called. This was overruled, as in fact, says the report, Hyndes was himself a defendant.

The case of *Goss* v. *Watlington*, 3 *Brod. & Bing.* 132, was an action against the sureties upon the bond of a deceased collector of taxes; the court held that the entries made in his books by the collector were admissible against the sureties. The ruling was put upon the condition of the bond, a part of which was that the collector should render a perfect account, in writing, of his collection and receipts, and should deliver up all the books and accounts entrusted to his care. The view of the court was that they were public books, which it was the duty of the collector to deliver over to his successor, and so they became evidence against him. The court inclined against the admission of receipts for money which he had given.

*Whitnash* v. *George et al.*, 8 *B. & C.* 556, was an action brought against the sureties of a deceased clerk in a banking-house. The entries by the clerk in the books he kept, of moneys which he had received, were held competent evidence against the sureties, on the ground that it was a part of the duty of the clerk to make these entries, and the sureties had contracted that he should perform his duty.

In the case of *Middleton* v. *Melton*, 10 *B. & C.* 317, the action was against the sureties of a deceased collector, who had made entries in a private book. In the previous cases the courts had admitted the entries, upon the ground that they were in public books, or a book which it was the official duty of the principal to keep. In this case the court pronounced that ground too narrow, and held the entries in the private book admissible as an entry by a deceased person against his interest.

These cases, it is perceived, were all actions against the sureties of deceased principals, excepting that of Perchard *v.* Tindall, in which the principal was living. In the latter case the admission seemed to have been permitted upon the ground that it was of a party.

An examination of the cases will disclose that there are two classes of cases in which, whether the principal at the time of the trial be living or dead, his admissions are evidence against the surety ; within both classes the present case can be ranged.

*First.* Where the declarations are made as a part of or in the transaction of the business, for the proper performance of which the surety is bound, and so become a part of the *res gestœ.* *Bank* v. *Smith,* 12 *Allen* 243 ; *Pendleton* v. *Bank of Kentucky,* 1 *T. B. Mon.* 171 ; *Parker* v. *State,* 8 *Blackf.* 292 ; *Lysant* v. *Walker,* 5 *Bligh N. R.* 1.

And the case of *Stetson* v. *City Bank,* 2 *Ohio St.* 167, in which it was held that where a bank cashier made statements in regard to past transactions, it was not admissible, because not a part of the *res gestœ,* illustrates this rule.

The second class of cases are those in which the action is brought against the principal and sureties on a joint or joint and several obligation. *Brandt on Suretyship,* § 519 ; *Amherst Bank* v. *Root,* 2 *Metc.* 523 ; *Agricultural Ins. Co.* v. *Keeler,* 44 *Conn.* 161.

The present case is included within both these classes. The duty of the treasurer was to keep books of account for all moneys received and disbursed by him.

The entries in the books which he kept for the year during which the present sureties were bound for his official conduct, were acts not only attending the performance, but a part of the duty to be performed, and the entries in them come within the first class.

So of the report ; it was a part of his duty to make it, and it came within the same rule.

Again : this action was against a surety or sureties, not upon a collateral guaranty, but upon a joint and several bond, upon

which both principal and surety were parties. It is included within the second class of cases, in which the admission of the principal binds the surety.

My conclusion is, therefore, that the books and the report made by the treasurer were evidence in this cause.

It was not conclusive against the defendants, but stood as any other evidence of any act which does not operate as an estoppel. No element of estoppel appearing, it was entirely competent for the defendants to show that it was untrue in fact—that the default had occurred during previous years, and that the amount of money indicated as the balance in hand was never received by him during the year covered by the present bond.

This was attempted by proof of loans made by the treasurer at various times during previous years, and by the balances in bank at the times of his official report, as compared with the balances stated in the report. I have carefully made an examination of this testimony, and I am unable to say from it that it is proven with any degree of certainty that any default for any amount which can be ascertained approximately, occurred during the preceding years of Wurtz's official existence. The *prima facie* case made by the admission of Wurtz in his books and report, is not overcome by proof of such a previous default as would lead us to say that the finding of the trial judge is erroneous.

The rule should be discharged.