## RASSELAS H. PROSSER *vs.* HENRY HARTLEY and others.

### July 1, 1886.

**Insolvency—Bond of Assignee—Action by Successor.—**A general assignment having been made for the benefit of creditors, as regulated by Gen. St. 1878, c. 41, and the assignee having been removed by the court, and a receiver appointed in his place, the receiver may maintain an action upon the statutory bond of the former assignee for a wrongful disposition of the trust property.

**Action on Bond of Assignee—Evidence against Surety.—**An act done by a principal within the scope of the business to which the undertaking of a surety relates, is competent evidence against the surety.

**Exemption—Partnership Property.—**There is no right of exemption in respect to partnership goods.

**Same—"Tools" of Mechanic.—**The "tools" of a mechanic or other person, in order to be exempt, must be held for the purpose of carrying on his trade.

**Same—"Stock in Trade."—**In order that "stock in trade" may be exempt, the owner must be engaged, or about to engage, in manufacturing or other business in which such stock is, or is to be, used.

Same—Evidence.—Evidence considered insufficient to show exemptions.

Harmless Error.—Incompetent evidence, evidently not affecting the determination, *held* error without prejudice.

The plaintiff having been appointed assignee of James Elwin and William Hartley, copartners as Elwin & Hartley, in place of the defendant Henry Hartley, who was removed, brought this action in the district court for Hennepin county against his predecessor and the sureties on his bond, to recover the value of certain tobacco and tools which came into the hands of the defendant Hartley, as assignee, and which he converted to his own use. The action was tried before *Koon,* J., and a jury, and plaintiff had a verdict.

On the trial, after plaintiff rested, the defendants offered to prove that a few days prior to the assignment, the insolvents Elwin and Hartley agreed with each other that the tobacco and tools in question should become and the same did become the individual property of Elwin; that both agreed to and did sever the partnership relationship in said property; that Elwin was at the time of the assignment and had been for many years a practical cigar maker; that Elwin at the time of the assignment had no stock in trade except the said tobacco; that the tobacco and tools were included in the inventory by mistake; that when Elwin discovered that the tobacco and tools were included in the inventory, he called the attention of Henry Hartley to the matter, and that Hartley informed him that it was proper to include the exempt property, and that he could have it at any time; and that Henry Hartley turned over the same to Elwin in good faith. The evidence so offered was, on plaintiff's objection, excluded, and the defendants excepted.

*Geo. H. Spry* and *Davenport & Thian,* for appellants.

*Synder & Jamison* and *A. H. Nunn,* for respondent.

DICKINSON, J. James Elwin and William Hartley, engaged as partners in the manufacture of cigars, made a general assignment of all of their property, both partnership and individual, except such as was exempt, for the benefit of creditors, to the defendant Henry Hartley, who qualified as assignee by giving the bond prescribed by statute, (Gen. St. 1878, *c.* 41, § 25,) the other defendants being sureties.

The assignee was subsequently removed by the court, and this plaintiff substituted by appointment as assignee; or, as he might more properly be termed, as receiver. He brings this action upon the bond of the former assignee, having obtained leave from the court, to recover for property included in the inventory made by the assignors, and which was by the former assignee (defendant) redelivered to one of the assignors (Elwin) as being exempt.

The action was properly brought by this plaintiff as assignee. The bond runs to the state, as the statute requires; but the statute (section 30) also authorizes any creditor or creditors of the debtor, upon leave of the court first obtained, to prosecute actions upon the bond. In respect to the rights and interests of the creditors, under the assignment, the assignee represents them. The proceeds of a recovery upon the bond should be held and distributed by the receiver as a part of the trust estate; and it is within the evident purposes of the law, where the trust has not been fully administered, and a receiver is appointed in place of a former assignee, that such receiver may maintain an action for the benefit of the creditors upon the assignee's bond.

There was no error prejudicial to the defendants in the receiving in evidence of the debtors' inventory of property, "for the purpose of showing the partnership goods which were turned over to the assignee," (defendant;) nor in receiving the account of property received by this plaintiff from the former assignee, to show that no tobacco or tools had been turned over to the plaintiff. It is to be taken as admitted by the answer that the property in controversy,—tobacco and tools,—and which the defendant Hartley, while he was assignee, surrendered to Elwin, was a part of the property which came into his possession under the assignment. The only contest is as to its value, and whether it was exempt from the claims of creditors. The evidence was, in part at least, incompetent; but it seems obvious that it cannot have affected the determination of the issue.

The final account of the defendant assignee was competent evidence both against himself and his sureties, being an act within the scope of the trusteeship, to which the undertaking of the sureties related. 1 Greenl. Ev. § 187; *Bissell* v. *Saxton*, 66 N. Y. 55; *Agricul-*

*tural Ins. Co.* v. *Keeler,* 44 Conn. 161; *Bank of Brighton* v. *Smith,* 12 Allen, 243.

This property had been partnership property, and so long as it was such no right of exemption existed in respect to it in favor of the copartners, nor of either of them. *Baker* v. *Sheehan,* 29 Minn. 235, (12 N. W. Rep. 704.) If it be assumed that, by agreement between the copartners, there might have been a severance of the partnership relation in respect to this property, and the acquisition of an individual title in it by Elwin, so that he might have asserted a right of exemption, still the offer of evidence on the part of the defendants was insufficient to show that the property was exempt. As to the "tools," it is essential to their being exempt as the property of Elwin that they be "used and kept for the purpose of carrying on his trade." Gen. St. 1878, *c.* 66, § 310. The offer fell short of undertaking to show that they were either used, kept, or intended for such purpose. As to the tobacco, to be exempt, it must have been "stock in trade." So long as it was copartnership stock in trade it was not exempt. If, after the property was transferred to Elwin, he then prosecuted the business of manufacturing, using this tobacco as his stock, or was about to do so, that fact should have been shown. Even if it had become the individual property of Elwin, it was not exempt, and it passed by his assignment, unless it had also become *his* stock in trade. The offer did not extend to the showing of any such fact.

The evidence as to value of the property was sufficient to sustain the verdict.

Order affirmed.