SECURITY BANK OF MINNESOTA *vs.* RICHARD D. BEEDE and another, defendants, and HENRY P. HERRING, garnishee.

December 13, 1887.

Insolvency—Assignment by Partnership.—An assignment made by two partners under the insolvent law, construed, and *held* to pass the separate property of the partners, as well as their partnership property.

In February, 1887, the defendants, partners as Beede & Bray, made a voluntary assignment to Henry P. Herring for the benefit of their creditors, under the provisions of the insolvency act of 1881. Thereafter the plaintiff brought this action in the district court for Hennepin county, and garnished the assignee. Upon application of the garnishee, showing that he held no property of defendants except under the assignment, an order was made by *Rea,* J., dissolving the garnishment and discharging the garnishee, from which order the plaintiffs appeal.

*Hale & Peck,* for appellants, cited *May* v. *Walker,* 35 Minn. 194, (28 N. W. Rep. 252.)

*Herring & Cochran* and *Shaw, Best & Cray,* for respondent.

GILFILLAN, C. J.[1] The only question in the case is whether a certain assignment executed by the defendant, under the insolvent law of the state, is an assignment of only partnership property, or is operative to also transfer their separate property. The assignment differs from that in *May* v. *Walker,* 35 Minn. 194, (28 N. W. Rep. 252,) in that the operation of the latter was, by its express terms, restricted to partnership property. This assignment recites "that

---

[1] Vanderburgh, J., took no part in this decision.

Richard D. Beede and George W. Bray, composing the firm of Beede-
& Bray," are indebted, etc., and are unable to discharge their just
debts and liabilities, and that certain persons have commenced an
action against them, "partners as Beede & Bray," and that upon an
attachment therein the property of said "Beede & Bray" was attached,
and then proceeds: "Now, therefore, this indenture made this 26th day
of February, A. D. 1887, between said Richard D. Beede and George·
W. Bray, partners as Beede & Bray, parties of the first part," "and
Henry P. Herring,"  *  *  *  "party of the second part, witnesseth,
that the said parties of the first part, in consideration," etc., "have·
granted, bargained, sold, conveyed, assigned, transferred, and set
over," etc., "all the lands, tenements, hereditaments, and appurte-
nances, goods, chattels, choses in action, claims, demands, property,
and effects of every description, belonging to the parties of the first
part, wherever the same may be situated, and for a full and more
definite description of which reference is hereby made to the inven-·
tory to be made and filed under this assignment, as provided by law.
It being the full intention of this conveyance to assign to the said
party of the second part all property owned by said grantors, Beede
& Bray, whether situated in the state of Minnesota, or in any other·
state or territory, except such property as is by law exempt from levy
and sale on execution." Then follows the statement of the purpose
of the assignment, and of the disposition to be made of the property,
being in accordance with the insolvent law. The assignment was.
signed by the defendants in their individual names, and sealed with
their individual seals.

Whether the instrument transfers the separate as well as the part-·
nership property of the defendants depends on whether the words,
"composing the firm of Beede & Bray," and partners as "Beede &
Bray," wherever occurring, were used only as *descriptio personarum*,
or were intended to restrict the assignment to property owned by
them as a partnership. Aside from these words, the description of·
the property is sufficient to cover all the property of the defendants,
separate and partnership. The concluding clause of the description
above quoted, "it being the full intention," etc., seems added to make
more clear what property the parties intended. That clause, as a.

whole, includes the separate property, not only by its general terms, but by the exception. As a partnership can have no exempt property,—*Baker* v. *Sheehan*, 29 Minn. 235, (12 N. W. Rep. 704;) *Prosser* v. *Hartley*, 35 Minn. 340, (29 N. W. Rep. 156,)—the words of the exception would be meaningless and of no effect, unless they were used to except from the conveyance separate property that would otherwise pass,—property that could be exempt. In view of the general terms describing the property, and of the exception, it cannot be said to be clear that the words describing the assignors as partners were intended also to define the property intended to pass; and, such being the case, the presumption is that the parties used the words in that sense that would make the instrument legal and effectual to carry out the general purpose had in view.

If the parties intended the assignment to pass only partnership property, then it was void. *May* v. *Walker, supra;* but, if it was intended to pass also their separate property, it was valid. It would require something more significant than inserting the words, "partners as Beede & Bray," after the names of the assignors, to limit the description of the property in such a way as to make the instrument void, and so defeat the evident purpose of the parties. The reference to the inventory to be filed did not control the assignment. Under no bankrupt law did the schedules filed by the bankrupt ever limit the operation on his property of the bankruptcy proceeding.

Order affirmed,

v.37m—34