FARWELL, OZMUN, KIRK & CO. v. AI BROOKS and Another.[1]

June 19, 1896.

Nos. 9936—(196).

**Assignment by Partners for Benefit of Creditors—Validity.**
> A deed of assignment by partners for the benefit of creditors, in order
> to be valid, must on its face be sufficient to assign, not only the partnership
> property, but also all of the nonexempt separate property of each of the
> partners.

**Same—Separate Property of Partner.**
> An assignment was executed as follows: "Brooks & Co., by W. M. Brooks.
> Ai Brooks." *Held* not to pass the separate property of W. M. Brooks.

Action in the district court for Becker county against Ai Brooks
and William M. Brooks, copartners under the firm name and style
of Brooks & Co. After recovering judgment against defendants for
$1,572.40, plaintiff instituted garnishment proceedings against
Charles A. Wright, from whose disclosure it appeared that he had
received certain property of defendants by virtue of an assignment
to him for the benefit of creditors. Plaintiff served a supplemental
complaint, and the issues raised by it and by the garnishee's answer
and by the reply were brought on for trial before Searle, J., who
made an order granting the garnishee's motion for judgment on the
pleadings and for a dismissal of the action as against the garnishee.
From a judgment entered in pursuance of this order, plaintiff ap-
pealed. Reversed.

The deed of assignment (Exhibit A), so far as material, was as fol-
lows:

Know all men by these presents, that whereas, Ai Brooks and W.
M. Brooks, copartners under the firm name and style of Brooks &
Co., of Randall, Morrison county, Minnesota, are indebted to divers
persons in considerable sums of money, and by reason of losses and
misfortunes are at present unable to discharge their just debts and
liabilities as they mature, and are by reason thereof insolvent and are
willing to assign all their property for the benefit of all their cred-
itors who shall file releases of their claims, as provided by law, with-
out any preference, under and by virtue of Chapter 148, General Laws
of 1881, and acts amendatory and supplemental:

Now, therefore, this indenture made this 27th day of May, A. D.

---

[1] Reported in 68 N. W. 5.

1893, between said Ai Brooks and W. M. Brooks, copartners as Brooks & Co., parties of the first part, and Charles A. Wright, of Duluth, state of Minnesota, party of the second part: Witnesseth, that the parties of the first part, in consideration of the premises and the sum of one dollar to them in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained, sold, conveyed, assigned, transferred and set over * * * unto the said Charles A. Wright, party of the second part, his heirs and assigns, all the lands, tenements, hereditaments and appurtenances, goods, chattels, choses in action, claims, demands, property and effects of every description, belonging to the parties of the first part, wherever the same may be situated, except such property as is by law exempt from levy and sale on execution. To have and to hold the same, and every part thereof, to the said party of the second part, his heirs and assigns, in trust nevertheless for the uses and purposes following: * * * In witness whereof, said parties of the first part have hereunto set their hands and seals the day and year first above written.

Brooks & Co.      (Seal)

By W. M. Brooks.      (Seal)

Ai Brooks.      (Seal)

The deed was duly witnessed, and was acknowledged by W. M. Brooks "as his free act and deed, and the free act and deed of Ai Brooks and W. M. Brooks, copartners as Brooks & Co.," and was also acknowledged by Ai Brooks as his free act and deed.

*Warner, Richardson & Lawrence*, and *A. J. Galbraith*, for appellant.

*William C. White*, for respondent.

MITCHELL, J., The only question is as to the validity of the deed of assignment (Exhibit A of the complaint) purporting to have been executed for the benefit of creditors pursuant to the provisions of the insolvent law of 1881.[2] The only authorized assignment under this statute is of all the debtor's property not exempt from execution. Hence an assignment by partners of partnership property exclusively is upon its face partial, and not general. To be valid, it must appear on its face that it assigns, not only the partnership property, but also all of the nonexempt individual property of each of the partners. May v. Walker, 35 Minn. 194, 28 N. W. 252; In re Allen, 41 Minn. 430, 43 N. W. 382; Thompson v. Winona Harvester Works, 41 Minn. 434, 43 N. W. 383.

---

[2] Laws 1881, c. 148. See G. S. 1894, §§ 4240–4254.

The assignment under consideration is partial, and hence invalid, because it does not assign, or purport to assign, the individual property of W. M. Brooks, one of the partners.  Conceding, without deciding, that under the decision in Security Bank v. Beede, 37 Minn. 527, 35 N. W. 435, this assignment, if executed by both partners as individuals, would have passed their separate as well as their partnership property, yet the fact remains that it has not been so executed by W. M. Brooks.  The execution of the deed by the other partner, Ai Brooks, individually, could, of course, have no effect to pass the separate property of W. M. Brooks.  Neither could the signature of the firm name of "Brooks & Co." by W. M. Brooks have any such effect; for while it is true that a partnership is not a person distinct from its members, and the only office of a firm name is identification and abbreviation as an agreed sign or adopted symbol to represent and include the individual members of the partnership, yet the partnership name has the additional signification that a partnership act is denoted by its use.  Hence there would be no ground for claiming that a deed of the tenor of this instrument, with merely the firm name affixed, would pass the separate property of either partner; and the addition of the words "by W. M. Brooks" adds nothing.  It merely indicates that the firm name was signed by W. M. Brooks.  Neither is there any ambiguity in the form of the execution of the instrument which would admit of explanation by parol evidence.  There is no analogy in this respect between deeds conveying property and instruments, such as promissory notes, creating a liability on the part of the firm.  In the latter case, each partner being the agent of the other as to all matters within the scope of the partnership business, both are liable, whichever executes the obligation.

The main dependence of counsel for the garnishee is the fact that W. M. Brooks acknowledged that he executed the instrument, "as his free act and deed, and the free act and deed of Ai Brooks and W. M. Brooks, copartners as Brooks & Co." It is urged that this shows that he adopted the words "by W. M. Brooks" as his individual signature.  If the signature was on its face ambiguous, and subject to explanation by parol evidence as to the capacity in which he executed it, there might be some force in this argument; but there is no such ambiguity, and the acknowledgment of the execution of a deed cannot enlarge or change the effect of the instrument itself as

a conveyance. It has been the settled doctrine of this court from the outset that deeds of assignment for the benefit of creditors must be executed in accordance with the statute, and must show on their face, without resort to any extraneous evidence, that they convey all the nonexempt property of the debtors. Public policy requires that this rule be strictly adhered to.

Judgment reversed.