APPELLATE DIVISION OF THE SUPREME COURT *vs.* LAWYERS' SURETY COMPANY.

PROVIDENCE—OCTOBER 27, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Practice in Insolvency. Action on Bond of Assignee. Parties.*

An assignee in insolvency is not a person interested or aggrieved by the default of his predecessor, so as to make him a proper relator in a suit on the bond of the latter under the provisions of Gen. Laws R. I. cap. 274, § 35.

(2) *Nature of Bond.*

The penalty of a bond given under the provisions of said section is not property or assets of the estate which vests in the assignee, but a security given for the benefit of the creditors for the proceeds of the estate of the insolvent.

ACTION upon the bond of an assignee in insolvency, given under the provisions of Gen. Laws R. I. cap. 274, § 35. The action was brought at the relation of the successor of the original assignee against the surety on the bond. Heard on demurrer to the action on grounds stated in the opinion. Demurrer sustained.

STINESS, J.   This action is brought under the provisions of Gen. Laws, cap. 274, § 35, at the relation of Eugene F. Bowen, assignee in insolvency, upon the bond given by a preceding assignee.   The defendant demurs to the declaration upon the ground that the relator is not a " person interested or aggrieved," as required by the statute.

It has been held in this State, in *Court of Probate* v. *Smith*, 16 R. I. 444, that an administrator *de bonis non* cannot sue upon the bond of a predecessor for estate by him administered and appropriated to his own use.   This is the common law rule, which is based upon a want of privity in the new administrator.   The defendant argues that the same rule applies to this case by analogy.   The case of *Thompson* v. *Childress*, 1 Tenn. Ch. 369, is cited to this effect.

On the other hand, we are referred to three cases in support of the plaintiff's argument that the new assignee is a party interested, for the reason that he represents the creditors. *Prosser* v. *Hartley*, 35 Minn. 340, was so decided.   *Phillips* v. *Ross*, 36 O. St. 458, held that a new assignee could sue ; but the opinion rests upon a statutory provision by which the order of a probate judge that the removed assignee pay over the amount of the trust estate in his hands to the new assignee was held to make the latter a party in interest.   It is not therefore an authority to the full extent here claimed. *Jackson* v. *Rounds*, 59 Ind. 116, simply decided that the new trustee could not sue in his own name, adding a *dictum* that the action could only be maintained by the State of Indiana as plaintiff, with the new trustee as relator.   We find no settled rule upon this question, and the cases cited by the plaintiff go no further than to assert the fact that a new assignee can sue as the representative of creditors, an assertion which may be due to the difference in practice from that which prevails in this State.   We have substantially the common law rules and procedure.   Doubtless it would be convenient to allow a new assignee to sue on the bond, but, evidently, there is no privity between him and a surety, unless it be upon the ground that he is a trustee for the creditors and so represents them.   We are unable to see how a

second assignee in insolvency represents the creditors of an
(2) estate any more than a second administrator. The property
vested in an assignee is that which the insolvent could law-
fully have sold at the time of the first publication of notice
and that which may have been conveyed in fraud of creditors.
Gen. Laws, cap. 274, § 39. That which vests in an admin-
istrator are the assets of the intestate at the time of his
death. The penalty of a bond is neither of these, but a secu-
rity given for the benefit of creditors and distributees for
the proceeds of the estate. In Pub. Stat. cap. 184, § 27, an
administrator *de bonis non* was required to demand of an
executor or administrator, resigning or removed, all the
goods and effects, books and securities of the estate in his
hands, and to bring suit for the same in case of refusal to
deliver them. *Court of Probate* v. *Smith, supra,* held that
this did not authorize a suit against the surety on the bond.
Gen. Laws, cap. 212, § 20, has enlarged the remedy by re-
quiring the new administrator to bring an action on the bond
of his predecessor against all parties in case of any default
thereunder. No such authority is given to an assignee in
insolvency, and the fact of necessity for statutory authority
in one case implies it in the other. In *Estes* v. *Howland,* 15
R. I. 127, it was held that an administrator did not so repre-
sent creditors as to authorize him to bring a suit to set aside
a fraudulent conveyance, unless he had paid funeral expenses
or contracted for them, so as to be himself a creditor. We
think that the analogy between the status of a second assignee
and a second administrator is strict and complete.

Stress is laid upon the duty of the assignee under the stat-
ute, to collect the assets of the estate. As we have stated, a
liability under a bond is not an asset of the estate, and cer-
tainly it is no more so in the case of an assignee than in that
of an administrator. The bond does not stand for the assets
of the estate in one case more than in the other. We cannot
assume that the legislature intended to give this power to an
assignee, when it has specially given the power to an admin-
(1) istrator but has not given it to an assignee. Our opinion,
therefore, is that an assignee is not a person interested or

aggrieved by the default of his predecessor, so as to make him a proper relator in a suit on the bond of the latter.

The demurrer to the declaration is sustained.

*Van Slyck & Mumford,* for plaintiff.

*Comstock & Gardner,* for defendant.