## COGGINS *vs.* STEPHENS & COMPANY.

A mortgage *fi. fa.* was levied on a stock of goods. To release them the debtor conveys them, with other property, to one Coggins by an instrument which purported to be for a consideration of $870.00, "a part of which is to be paid to Silvey & Dougherty (his creditors), and the remainder paid to debts I am owing, by J. N. Coggins, or by Coggins & Furr." The stock of goods largely exceeded in value the consideration named. Coggins took possession of the property, arranged to pay off the mortgage *fi. fa.*, and also paid some other debts at the request of the debtor, and in pursuance of an understanding with him when the instrument was executed and delivered. The conveyance made no express provision for the payment of debts other than those specified. No inventory was taken until after the instrument was executed, and it was never sworn to or annexed to the conveyance. A judgment obtained after the making of this instrument was levied on the property:

*Held,* that the conveyance was an assignment for the benefit of creditors, and was void, because there was no complete inventory and schedule of the assets of the assignor made out and sworn to by him and attached to the deed.

(*a* ) This court has held that the act of 1880 is to be liberally construed in favor of creditors, and strictly against the debtor and his assignee, and that the schedule of the property assigned must be made out specifically, and attached to the deed of assignment at the time of it execution.

(*b.*) If the instrument was not an assignment, there was sufficient evidence to authorize the jury to find that there was a secret trust reserved in favor of the debtor, and that the purpose of the arrangement was to delay his creditors.

September 9, 1884.

Assignment. Debtor and Creditor. Fraud. Before Judge ESTES. Hall Superior Court. February Term, 1884.

Reported in the decision.

MARLER & GARNER; M. L. SMITH, for plaintiff in error.

CLAUD ESTES; H. H. PERRY, for defendants.

HALL, Justice.

The plaintiff and others levied certain executions upon

property in the possession of Coggins, as the property of Faulkner, the defendant in *fi. fa.* To the property thus levied on, Coggins interposed a claim, and upon the trial of the issue formed thereon, the property was found subject. The claimant moved for a new trial, upon the following grounds :

(1.) Because the verdict is contrary to the law governing the finding of the jury in such cases.

(2.) Because the verdict is not supported by the evidence.

(3.) Because the evidence showed the trade between Coggins and Faulkner was in good faith and for a valuable consideration, paid and accepted before any lien on the property.

(4.) Because the evidence showed no assignment or transfer of the property levied on to any person, either in trust or for the benefit, or on behalf of any creditor where any trust or benefit is reserved to any assignee or other person for the benefit of Faulkner.

(5.) Because the evidence showed the sale was in good faith, and for a valuable consideration.

(6.) Because the verdict is contrary to the evidence and the weight of the evidence.

(7.) Because the court erred in his charge as follows : " And I submit to you, gentlemen, as a question of fact, that the character of this instrument depends upon the intention of the parties to that instrument, which intention is to be gathered from all the evidence in the case. And when you have considered all the testimony in the light of the law, that I now give you in charge, you will determine whether that instrument was intended to be the evidence of a *bona fide* sale by Mr. Faulkner to Mr. Coggins, or whether it was an assignment merely for the benefit of Mr. Faulkner's creditors."

(8.) Because the finding of the jury was contrary to the charge of the court in this, to-wit: " But, gentlemen, I charge you that a *bona fide* transaction for a reasonable

consideration, and without notice or ground for a reasonable suspicion that the man is attempting to defraud his creditors, is valid and binding."

This motion was overruled, and exceptions were taken to the judgment overruling it.

The facts disclosed by the record show that the stock of goods in question had been previously levied on by a mortgage *fi. fa.* in favor of Silvey & Co. To release them from this levy, Faulkner, on the 27th day of March, 1883, conveyed them, with other property, to Coggins, by an instrument which purported, for a consideration of eight hundred and seventy dollars, " a part of which was to be paid to Silvey & Dougherty, and the remainder to debts I " (Faulkner) " am owing by J. N. Coggins, or by Coggins & Furr," the entire stock of goods and other property, largely exceeding in value the consideration named in this instrument. Coggins, upon the execution of this instrument, took possession of the property, arranged to pay off the mortgage *fi. fa.* levied, and also paid some other debts at the request of Faulkner, in pursuance of an understanding with him when this instrument was executed and delivered. The conveyance makes no express provisions for the payment of debts other than those specified therein. No inventory of the goods conveyed was ever taken until after the instrument was executed, and this inventory was never sworn to or annexed to the conveyance. Shortly after this transaction, to wit, on the 19th day of May, 1883, the plaintiffs in *fi. fa.* obtained their judgments, caused executions to issue therefrom, which were levied on the 31st day of the same month, on the stock of goods then in the hands of Faulkner.

The plaintiffs insist that Faulkner was insolvent, and that this conveyance, upon its face, is an assignment by him to Coggins in trust that Coggins would pay certain of his debts; that as an assignment it is void under the act of 1880, Code, Appendix 1953 (d), because there was no complete inventory or schedule of all the assets of

every kind held, claimed or owned by Faulkner, made out and sworn to by him and attached to the deed ; or if the instrument was not in form, it was in fact, under the proofs in the case, such an assignment, and was void, not only as being in contravention of the policy and purpose of the above recited act, but because it was in contravention of the law against fraudulent conveyances, and as to existing creditors void, because it reserved a secret trust for the debtor, and because it was designed to delay and hinder creditors. Code, §1952, sub-secs. 1, 2.

We think these positions well taken, and that upon either of them the verdict in this case is sustained, both by the testimony and the law. This conveyance, we doubt not, is both in form and in fact an assignment by an insolvent debtor in favor of such of his creditors as he saw proper to prefer. It is invalid because it fails to comply with the requirements of the act of 1880. This wise and salutary law, when invoked, should be enforced according to its express terms, and in a liberal spirit to suppress the evil at which it aims a blow. In *Crittenden Bros. et al. vs. Coleman & Co. et. al.*, 70 *Ga.*, 293, we held that this act must be liberally construed in favor of creditors, and strictly against the debtor and his assignee, and that the schedule of the property assigned must be made out specifically and attached to the deed of assignment at the time of its execution.

But, should we be mistaken as to the character of this instrument, as disclosed by its contents, then we are of opinion that there was sufficient evidence to authorize the jury to find that there was a secret trust reserved in favor of the debtor, and that the purpose of the arrangement was to delay his creditors. In this view of the case, the the charge of the court excepted to in the 7th ground of motion for a new trial, was not only correct, but was re-quired.

Judgment affirmed.