MORGAN MAY *vs.* ORANGE WALKER and others, Defendants, and AUSTIN T. JENKS, Garnishee.

May 21, 1886.

**Insolvency—Voluntary Assignment.**—The only voluntary assignment authorized by our insolvent law is of all the debtor's property and estate not exempt from execution.

**Same—Assignment of Partnership Property Only.**—A voluntary assignment by a partnership firm, of partnership property, exclusively, is, upon its face, *partial*, and not *general*, and therefore not such as our insolvent law contemplates or authorizes.

**Same—Common-Law Assignment.**—At common law, and under Gen. St. 1878, *c.* 41, title 3, an assignment of his property by an insolvent debtor, providing that the proceeds shall be applied towards the payment of such of his creditors only as shall release their claims against him, is fraudulent and invalid. Even in jurisdictions where a common-law assignment with such provisions for release is tolerated, the rule is that it must be *general,* not *partial.*

**Same—Payment of Surplus to Debtor.**—So, at common law, an assignment is bad which provides for the payment of such creditors only as shall release their claims, and further provides for the payment of any surplus to the debtor.

**Same—Invalid Assignment—Garnishment by Creditor.**—As respects a creditor who will have nothing to do with an invalid assignment, it is void, and he may therefore disregard it, and lay hold of the assigned property or its proceeds in the hands of the assignee, by garnishment or otherwise, as the circumstances advise. As to him, the property and proceeds are not *in custodia legis.*

The plaintiff brought this action in the district court for Washington county, and duly recovered judgment against the defendants. After the commencement of the action, Austin T. Jenks was duly garnished, and upon his disclosure it appeared that he had in his hands a large amount of money which he had received and held as assignee under an assignment made by the defendants, who were partners as Walker, Judd & Veazie, of their partnership property only. Other terms of the assignment are stated in the opinion. Plaintiff appeals from a judgment, ordered by *Crosby,* J., discharging the garnishee.

*Searles, Ewing & Gail,* for appellant.

*Fayette Marsh,* for respondent.

BERRY, J. The assignment in this case was evidently intended to be a voluntary one, under our insolvent act. Laws 1881, *c.* 148. The only voluntary assignment there authorized is of *all the debtor's property and estate* not exempt by law. By its express terms the present is an assignment by a partnership firm of partnership property *exclusively.* It is therefore, upon its face, a *partial* assignment, instead of one in *terms general,* such as the insolvent act unmistakably contemplates. Many of the provisions of that act are irreconcilable with any

other construction, and notably those of section 10, providing for the debtor's discharge; for any other construction would involve the unjust absurdity of allowing a debtor, by an assignment of partnership property merely, to obtain a complete discharge from debts for which his individual property, ample to pay them in full, is liable. See *Wyles* v. *Beals*, 1 Gray, 233. Neither is the assignment good at common law, either irrespective of statute or under Gen. St. 1878 c. 41, title 3. Though there is some conflict of opinion, every consideration of honesty and good sense supports the proposition that an assignment by an insolvent debtor of his property, providing, as in the present case, that the proceeds shall be applied towards the payment of his indebtedness to such of his creditors only as shall release their claims against him, is, in the absence of express statute to the contrary, as by a bankrupt law, or something in the nature of one, fraudulent and invalid; and this, for the reason that it is the duty of an insolvent debtor to apply his property to the payment of his debts, as far as it will go, without conditions, and without coercing his creditors to surrender any part of their just claims against him as the price of receiving their just share of his estate. *Bennett* v. *Ellison*, 23 Minn. 242; *Grover* v. *Wakeman*, 11 Wend. 187, (25 Am. Dec. 624;) Burrill, Assignm. § 195. Even where a common-law assignment, with such provisions for release, is tolerated, the rule is that it must be general, and not, as in the case at bar, partial.

The fraud and gross injustice of permitting an insolvent debtor, without a surrender of all his unexempt property, to coerce his creditors to a compromise, is apparent. In contemplation of law *all* his unexempt property belongs to his creditors,—*Gere* v. *Murray*, 6 Minn. 213, (305,)—and to permit him to put a part of it out of their reach unless they will submit to his terms, and take less than they are entitled to, is to permit him to hinder and delay them in the collection of their demands out of property justly and legally liable for the same, even if a common-law assignment, with such provisions for release, be tolerated at all. *Bennett* v. *Ellison*, 23 Minn. 242; *Insurance Co.* v. *Wallis*, 23 Md. 173; *Seaving* v. *Brinkerhoff*, 5 John. Ch. 329 ; *Hennessy* v. *Western Bank*, 6 Watts & S. 300, (40 Am. Dec. 560;) *Ingraham* v. *Grigg*, 13 Smedes & M. 22; *Gordon* v. *Cannon*, 18 Grat. 387 ;

*Burt* v. *McKinstry,* 4 Minn. 146, (204,) (77 Am. Dec. 507;) Burrill, Assignm. §§ 156, 197.

At common law the assignment in this case is bad again, because, while providing for the payment of such creditors only as shall release their claims, it still further provides for the payment of any surplus to the assignor. The effect is to put that surplus out of the reach of non-releasing creditors like plaintiff, and to create a trust for the benefit of the assignor, to the hindering and delaying of such creditors in the collection of their demands. *Truitt* v. *Caldwell,* 3 Minn. 257, (364,) (74 Am. Dec. 764;) *Banning* v. *Sibley,* 3 Minn. 282, (389;) 2 Kent, Comm. *534.

As respects a creditor like the plaintiff, who will have nothing to do with it, the assignment is void; and he may therefore disregard it, and lay hold of the assigned property or its proceeds in the hands of the assignee, by garnishment or otherwise, as the circumstances advise. *National Park Bank* v. *Lanahan,* 60 Md. 477; *Edwards* v. *Mitchell,* 1 Gray, 239. The assignment, being fraudulent and void as to him, does not have the effect, so far as he is concerned, to place the property purporting to be assigned, or its proceeds, *in custodia legis;* for, as to him, the jurisdictional foundation of an assignment under and in accordance with the insolvent act is wanting.

Judgment reversed, and cause remanded for further proceedings.