In the Matter of EDGAR ALLEN and others, Insolvents.

October 2, 1889.

Limited Partnership—Special Partner's Contribution.—In the formation of a limited partnership the provisions of the statute must be strictly complied with, and the contribution of the special partner must be in actual cash, otherwise his liability will be that of a general partner.

Same—Contribution not in Cash—Assignment in Insolvency by General Partner—Ratification by Special Partner.—Where the proceedings for such partnership as disclosed by the record appeared to be regular in form and in compliance with the statute, but the contribution of the special partner was made in goods, and not in actual cash, and thereafter an assignment for the benefit of creditors was made by the general

partners under the state insolvent law, (Laws 1881, c. 148,) which assignment was ratified by the special partner, but purported to assign the partnership property and the individual property of the general partners only, *held* invalid under the rule in *May* v. *Walker*, 35 Minn. 194, on tl e ground that the special partner was liable as general partner, and releases cannot lawfully be exacted of the partnership creditors unless the individual as well as joint property of all the partners be brought into court.

Appeal by Edgar Allen, Abram Levinson and Henry T. Sattler from an order of the district court for Ramsey county, *Simons*, J., presiding, appointing a receiver in insolvency of the property of appellants Allen and Levinson, and of one Benjamin J. Ettelsohn. The petition for a receiver charged that all the debtors were general partners in the firm of E. Allen & Co., and that the assignment to appellant Sattler, mentioned in the opinion, was made in fraud of the insolvency act and with a view to give a preference, etc. The appellant Ettelsohn is a non-resident of the state, residing in Chicago.

*Rogers, Hadley & Selmes,* for appellants.

*Harvey Officer* and *John B. & W. H. Sanborn,* for respondent, (the receiver.)

VANDERBURGH, J. The matter in question here is the validity of the assignment, made under chapter 148, Laws 1881, by Allen and Levinson, members of the partnership of E. Allen & Co.' The ground of its alleged invalidity is that one Benjamin Ettelsohn was also a member of the partnership, and, while he assented to the assignment, which undertook to convey to the assignee all the partnership property, he did not convey and bring into court his individual property, for distribution with the assets of the partnership and the individual assets of the other partners named. The parties intended to form a limited partnership, with Allen and Levinson as general partners, and Ettelsohn as special partner; and the partnership agreement purports to be a limited partnership, and the proceedings for the formation thereof appear on their face to be in conformity with the statute. But it appears that the amount contributed to the capital stock by the special partner was not paid in cash, as the statute requires, but in property. The statement in respect to such payment in the affida-

vit filed was therefore untrue in fact, and Ettelsohn is liable as general partner for all the partnership engagements. In such case the partnership is as to creditors legally fraudulent in its inception.

The assignment was made by the general partners, and assented to by the special partner. In form it was an assignment by the general partners in the exercise of their powers as such under the terms of the limited partnership; that is to say, in connection with the assignment and transfer of their individual property, it transfers and assigns "all property and assets of every kind of the said E. Allen & Co.," and this is ratified and confirmed by the special partner two days after the execution of the assignment, by an instrument in writing, duly executed and acknowledged by him. Undoubtedly the assignment was executed upon the assumption that the special partner was not liable beyond the partnership assets, which, under the assignment, would be applied first to the satisfaction of the partnership debts, and that, upon the surrender of all the individual property of the general partners, with all the partnership assets, the assignment as made would be authorized by the insolvent act.

As respects the partners themselves, the partnership must be considered a limited partnership, according to their agreement, and its affairs will be adjusted between them on that basis; but in respect to their liability to creditors it must be treated as if all were general partners from the beginning, and the assignment in this case must be so interpreted. By the terms of the assignment the assignee is directed "to pay and discharge in full, if the proceeds be sufficient for that purpose, all the debts of the parties of the first part [Allen and Levinson] to all their creditors who shall file releases of their debts and claims against the said parties of the first part as is by law provided; and, if not sufficient to pay debts in full, then to apply the same, as far as they will extend, to the payment of said debts proportionately to their respective amounts, and in accordance with the provisions of law applicable to the distribution of the assets of copartnerships and of the partners composing them, and in accordance with the statute in such case made and provided. And if, after the payment of all the costs, charges, and expenses attending the execution of said trust, and the payment and discharge in full of all

the said lawful debts owing by the parties of the first part, there shall be any surplus of the said proceeds remaining in the hands of the party of the second part, (assignee,) then to repay such surplus to the parties of the first part, (Allen and Levinson,) their executors," etc.

We think the case falls within the rule in *May* v. *Walker*, 35 Minn. 194, (28 N. W. Rep. 252,) in respect to assignments by insolvent partnerships. The partnership debtors are liable jointly for all the partnership debts, and the property of each is also so liable. Ettelsohn was one of the partnership debtors, and his interest in the joint property only is assigned, while it is the policy of the insolvent law to require the surrender of all the property of each of the debtors who are parties to the assignment. This is the assignment of E. Allen & Co., as well as of the partners Allen and Levinson, and not a separate assignment of their interest in the partnership property. The law requires that the partnership debtors, in such case, should assign all their property, joint and individual, and place the same *in custodia legis*, to be held in trust for the equal benefit of all the creditors, subject to the conditions of the statute. *May* v. *Walker, supra.* Any other rule would work inequitably, and lead to fraudulent practices. Partnership creditors should not be debarred or embarrassed by the conditions imposed from sharing in the joint property of debtors who do not surrender all their property. It is not enough that some of them be selected who surrender theirs. The propriety and justice of the rule in *May* v. *Walker* will be apparent upon the consideration of the effect upon the rights of the partnership creditors of the insolvency of a single partner or joint debtor, who makes an assignment of his separate estate. Such assignment carries with it all the separate property, and his individual interest in the joint or partnership estate, and the latter would be only his interest in the surplus after the partnership debts were paid. So that, in such case, the partnership property would be first applied in payment of the partnership debts, without the necessity of executing any releases. The rule, as stated by Mr. Story, is that the assignee, in the case of the separate bankruptcy of one partner, can affect the joint property no farther than the bankrupt himself. He has no right to change the

possession, or to make any specific division of the joint effects. He takes only such an undivided share or interest therein as the bankrupt himself had, and in the same manner as he held it; that is to say, subject to all of the rights and liens of the other partners. And he is entitled only to the balance which is ascertained to be due the bankrupt after all the partnership debts are paid, and a division is made of the surplus. Story, Partn. § 375. But here is a general assignment of the partnership assets, with the right to share therein only on condition of releasing two of the partners. Each joint creditor is compelled to face the alternative of executing such release or be deprived of any dividend under the assignment. We think, within the rule in *May* v. *Walker,* in order to make such an assignment valid under the insolvency law, the partners should bring into court all their property, joint and several, for an equal division among their creditors, and this assignment was consequently invalid. The case comes within the provisions of section 2 of the act referred to. The practical operation of the assignment is to give a preference not allowed by law to such creditors as choose voluntarily to come in and comply with its conditions.

As no appeal was taken in behalf of Ettelsohn it is not necessary to consider whether the order was proper as applied to him.

Order affirmed.