JASPER B. TARBOX et al. vs. CHARLES H. STEVENSON et al.

Argued Jan. 30, 1894.°   Reversed Feb. 10, 1894.

No. 8478.

**Assignment by insolvent debtor.**

A deed of assignment by an insolvent debtor for the benefit of his creditors which does not on its face appear to be an assignment of all of his unexempt property is void on its face as against his creditors.

Appeal by plaintiffs, Jasper B. Tarbox and Charles H. Schliek, from an order of the District Court of Goodhue County, W. C. Williston, J., made June 12, 1893, denying their motion for judgment against the garnishee, James F. Jordan.

On April 13, 1893, the plaintiffs recovered judgment in the District Court of Goodhue County against the defendants, Charles H. Stevenson and John B. Trumbull for $627.80. Their complaint had been on file more than twenty days. On the same day an affidavit. was made on behalf of plaintiffs stating that James F. Jordan had money and effects in his hands and under his control, exceeding $25 in value, belonging to the defendants and a garnishee summons was issued and duly served requiring him to appear and make disclosure. He appeared and disclosed that at Cannon Falls on February 7, 1893, defendants made a general assignment to him of all their nonexempt property wherever the same might be situated in the State of Minnesota and the State of Wisconsin, in trust for their creditors, under Laws 1881, ch. 148, as amended by Laws 1889, ch. 30. He produced the instrument and his acceptance of the trust on file with the clerk. He stated that he had received thereunder $3,953, from sales of the assigned property. The plaintiffs applied to the court on the disclosure for judgment against the garnishee for the amount due upon their judgment, but were denied and they appeal from the order.

*Morphy, Ewing, Gilbert & Ewing,* for appellants.

The assignment must on its face convey all the debtors' nonexempt property and its terms must be inconsistent with the reten-

tion of any of it. Such words must be employed as will convey all the debtors' property and negative every presumption that there is more. Extrinsic evidence cannot be given to show that in point of fact the assignment does convey all the property which the debtors had at the time of its execution. *Rosenberg* v. *Moore,* 11 Md. 376; *Malcomb* v. *Hodges,* 8 Md. 418; *Barnitz* v. *Rice,* 14 Md. 24; *Sandmeyer* v. *Dakota F. & M. Ins. Co.,* 2 S. Dak. 346; *Hays* v. *Covington,* 16 Lea, 262; *Bock* v. *Perkins,* 28 Fed. Rep. 123.

*James A. Kellogg,* for respondents.

The statute is essentially a bankruptcy act and the court has sufficient power to compel the insolvents to place at the disposal of the assignee, all their property whether included in the assignment or not, and if the property is situated beyond the jurisdiction of the court and the insolvent refuses to pass it over to the assignee, the court may withhold the benefits of the act from him and the assignment shall not be invalidated by the fraudulent intent of the debtor; whether that intent be evidenced by preference, by concealment or disposal of property, or otherwise. Notwithstanding the fraudulent intent or act, the assignment is to stand and the trust which attaches in favor of creditors upon its execution is to be administered. *In re Mann,* 32 Minn. 60; *Bennett* v. *Denny,* 33 Minn. 530; *Wendell* v. *Lebon,* 30 Minn. 234; *Hanson* v. *Metcalf,* 46 Minn. 25.

To hold this assignment invalid by reason of the limitation claimed where it does not appear that there was other property belonging to the insolvents, would be to presume a fact not appearing; and thereby to thwart the intent of the Legislature. *Simon* v. *Mann,* 33 Minn. 412.

CANTY, J. On April 13, 1893, the plaintiffs recovered judgment against the defendants in the District Court of Goodhue county, and on April 15, 1893, commenced garnishment proceedings on that judgment against said garnishee. On May 13, 1893, the garnishee duly disclosed in said proceedings that on February 9, 1893, the defendants, who were partners having their place of business in that county, made and filed in that court their deed of assignment, purporting to be an assignment by them to him for the benefit of all their *bona fide* creditors who shall file releases of their

claims under Laws 1881, ch. 148, as amended by Laws 1889, ch. 30, that he accepted the trust, duly qualified, and took possession of a large amount of the property of the defendants, and thus had in his possession, as the proceeds of the same, a sum of money which was more than sufficient to pay said judgment.

The plaintiffs appeal from the order of the court below denying their motion for judgment against the garnishee.

The plaintiffs attack the assignment as void as against creditors for the reason, as they claim, that the deed is void on its face because it does not appear on its face to be an assignment of all of the property of the defendants not exempt from execution.

The description in the deed of the property so assigned is as follows: "All the lands, tenements, hereditaments, and appurtenances, goods, chattels, choses in action, claims, demands, property, and effects of every description, belonging to the parties of the first part, [the assignors,] wherever the same are situated in the state of Minnesota and the state of Wisconsin, except such property as is by law exempt from levy and sale on execution."

The fair interpretation of the instrument is that they assign only the unexempt property which they have in the states of Wisconsin and Minnesota. They may have unexempt property elsewhere, and they may not. There is nothing on the face of the deed to indicate whether they have or not.

It must appear on the face of the deed that all of the assignor's unexempt property is by it assigned for the benefit of his creditors, and if it does not the deed of assignment is void on its face as against creditors. *May* v. *Walker*, 35 Minn. 194, (28 N. W. 252.) To hold otherwise would be to make the validity or invalidity of the assignment depend on extrinsic evidence; and it would be held good in one case, and bad in another, depending in each case on extrinsic facts. Such a state of things would be intolerable.

For these reasons, the order appealed from is reversed.

(Opinion published 58 N. W. Rep. 157.)